THOMAS P. CARROLL et al., Respondents, v. DAVID HARRIS, etc., Appellant.

(Supreme Court, Appellate Term, First Department, January Term — Filed February, 1921.)

Ships and shipping — discharge of cargo — lease of off-shore berth — lighters — evidence — contracts — custom and usage.

The hiring of an off-shore berth on a North river pier means that the ship discharges its cargo off the side into lighters or scows.

One side of a North river pier leased by defendant for an off-shore berth was occupied by one of its steamships for five days and the stipulated *per diem* rate paid. The lighters remained in the berth five days longer. In an action to recover an additional charge at the same *per diem* rate a witness for plaintiff on his direct examination was asked: "What is the custom with regard to an off-shore berth, are lighters considered part of the ship for the transaction?" to which the witness answered "in this special case, yes." *Held,* that defendant was entitled to show whether it had control over the lighters after its steamship had left the pier, or whether it had any connection with the owner of the cargo, and that the exclusion of such testimony was error for which a judgment in favor of plaintiff will be reversed and a new trial ordered.

> Parties who contract on a subject matter concerning which known usages prevail, incorporate such usages by implication into their agreement, if nothing is said to the contrary.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the plaintiffs.

Robert S. Mullen, for appellant.

Clarke & Clarke (Richard H. Clarke, of counsel), for respondents.

GUY, J.  Plaintiffs, lessees of pier 2, North river, alleged in their complaint that defendant heretofore and during the period from February 21 to March 2, 1920, leased and hired from the plaintiffs for docking and wharfing purposes the south side of the pier at the rental of $100 a day, and the defendant used and occupied the pier for docking and wharfage purposes for the period mentioned for which he agreed to pay plaintiffs $100 a day; that defendant paid $500 on account of the rental, leaving a balance of $500 due and owing plaintiffs.

Plaintiff put in evidence an agreement in writing dated February 21, 1920, between "Continental Transportation Co. [the name under which defendant carried on business] at 41 Liberty Street, New York City, s/s Lake Beacon hereinafter known as the occupant and the Carroll, Hagon & Carroll of New York, lessees and mortgagees of pier #2 North River, hereinafter known as the landlord.  It is agreed as follows:— to lease the south side of pier #2, North River for an off shore berth without dock space, wharfage to commence today at 7 A. M. at the rate of $100 per day."

The hiring of an off-shore berth meant that the ship discharged its cargo off the side into lighters or scows.

The steamship *Beacon* occupied the berth about five days, for which a bill for $500 was sent to defendant, and that amount was paid by defendant. The lighters remained in the berth or slip five days longer, however, for which a bill for an additional $500 was rendered by plaintiffs to defendant, which defendant refused to pay; and it was to recover for this additional charge that the action was brought and for which the court awarded a judgment in plaintiffs' favor.

Despite the fact that plaintiff's claim as pleaded was that the defendant used and occupied the pier for docking and wharfage purposes not only for the time that the steamship *Beacon* was in the slip but also for the five additional days during which the lighters remained in the slip after the departure of the *Beacon,* the trial judge refused to allow the defendant to show whether the defendant had any control over the lighters remaining at the pier after the steamship left, or whether the defendant had any connection with the owner of the cargo. The evidence thus offered by defendant was relevant to the issue whether the defendant, or the *Beacon,* had occupied the berth as pleaded, and its exclusion was erroneous.

On the back of the written agreement are certain printed conditions made a part of the contract, and one of these conditions reads: " Berth is not vacated until vessel is out of slip, all merchandise removed from and pier cleaned." This clause is susceptible of the construction, which was evidently given it by the trial judge, that although none of the cargo was put on the pier, if the lighters remained in the slip after the departure of the steamship, the occupation of the lighters might be regarded as a continuance of the occupation by the steamship. And plaintiffs' counsel on the direct examination of their witness

Donohue asked that witness "What is the custom with regard to an off-shore berth, are lighters considered part of the ship for the transaction?" to which the witness answered "in this special case, yes;" notwithstanding which defendant was not permitted to show the custom with reference to lighters occupying docking space. Having thus brought out the custom, as claimed, the respondents evidently conceded that the contract was ambiguous. Under the circumstances the appellant should have been permitted to show what he claimed to be the custom, and it was error to exclude that evidence. Parties who contract on a subject matter concerning which known usages prevail incorporate such usages by implication into their agreement if nothing is said to the contrary. *Hostetter* v. *Park,* 137 U. S. 30. In commercial transactions incidents may be annexed to the written agreement by usage or custom. Williston Cont. § 652.

McCook, J., concurs in result.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.